In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00064-CR
______________________________


STANLEY MARK PARSON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the Sixth Judicial District Court
Lamar County, Texas
Trial Court No. 20516


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Stanley Mark Parson appeals from his conviction by a jury for aggravated assault with a
deadly weapon.


 The jury found Parson had been previously convicted of two felony offenses and
set his punishment at ninety-nine years' imprisonment. This appeal concerns only Parson's
conviction for aggravated assault against his stepson. The convictions were appealed separately and
have been briefed together. 
            Since the briefs and arguments raised therein are identical in both appeals, for the reasons
stated in Parson v. State, cause number 06-05-00063-CR, we likewise resolve the issues in this
appeal in favor of the State.
            We affirm the judgment of the trial court.
            
                                                                                    Jack Carter
                                                                                    Justice

Date Submitted:          December 29, 2005
Date Decided:             March 10, 2006

Do Not Publish



s New Roman', serif">            It is clear from the record that the only reason Willeford stopped Darty was because of
alleged traffic infractions. If Willeford had been aware of a warrant to search or arrest Darty, he
certainly would have mentioned that as a reason for stopping Darty. The circumstances show that
Willeford was simply initiating a routine traffic stop, not attempting to execute a warrant. Although
Willeford did not explicitly state that he did not have a warrant, it is obvious from the record that
Willeford was not relying on a warrant in detaining Darty. We hold that Darty met his initial burden
to show that the stop occurred without a warrant. See Russell v. State, 717 S.W.2d 7, 10 (Tex. Crim.
App. 1986) ("From Officer Graves' testimony it is obvious that no warrant was obtained.").
            Once a defendant has established 1) that a search or seizure occurred and 2) that no warrant
was obtained, the burden of proof shifts to the State. Id. at 9. If the State is unable to produce
evidence of a warrant, then it must prove the reasonableness of the search or seizure. Id. at 10. 
            The State's only contention is that Darty failed to establish that Willeford did not have a
warrant. The State does not assert that Willeford had probable cause to stop Darty, and our own
review of the record does not reveal probable cause. We hold that the trial court erred in overruling
Darty's motion to suppress. 
            A routine traffic stop is a temporary investigative detention. Campbell v. State, 864 S.W.2d
223, 225 (Tex. App.—Waco 1993, pet. ref'd). Under the Fourth Amendment, a temporary detention
is justified when the detaining officer has specific, articulable facts which, taken together with
rational inferences from those facts, lead the officer to conclude that the person detained is, has been,
or soon will be engaged in criminal activity. Terry v. Ohio, 392 U.S. 1, 30 (1968). These facts must
amount to more than a mere hunch or suspicion. Davis v. State, 947 S.W.2d 240, 244 (Tex. Crim.
App. 1997).
            Willeford testified he stopped Darty because he did not slow down before making a right
turn. Willeford did not know if there was a stop sign at the intersection where Darty turned, which
would have required him to stop. Willeford testified there was no traffic approaching to which Darty
would have needed to yield. Willeford did not testify that Darty made the right turn recklessly or
at a high rate of speed. He did not testify that Darty failed to use his turn signal. Willeford testified
that Darty was traveling at roughly twenty or thirty miles per hour when he passed his vehicle. When
asked what traffic offense Darty had committed, Willeford testified to the following:
QWell, did he commit any traffic offenses in your presence?
 
AThat he ran a stop sign.
 
QIf there was a stop sign there, but you said that you don't know
whether there was one or not.
 
AI couldn't tell you for sure. I mean, I don't remember looking to see
if there was a stop sign. I just remember he went straight out onto the intersection,
didn't yield or stop.

            After reviewing the entire record, we find no evidence that would have allowed Willeford
to reasonably believe that Darty was, had been, or would soon be engaged in criminal activity. See
Terry, 392 U.S. at 30. Accordingly, we hold the trial court abused its discretion by denying the
motion to suppress the evidence obtained as a result of the detention and arrest.
            In his second point of error, Darty contends the State failed to show probable cause for his
arrest. This arrest was subsequent to the traffic stop, which we have discussed and held to be
improper. Therefore, we need not examine this point of error.
            We reverse the judgment of the trial court and remand for further proceedings consistent with
this opinion.




                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          January 31, 2006
Date Decided:             February 9, 2006

Do Not Publish